UNITED STATE DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ALLIANZ GLOBAL RISKS US INSURANCE COMPANY A/S/O CTF HOLDINGS, LTD<br>225 West Washington Street, Suite 1800<br>Chicago, IL 60606-3484<br><br>    Plaintiff,<br><br>v.<br><br>VIPER AIR, INC.<br>19840 GRAYSTONE ROAD<br>WHITEHALL MD 21161<br><br>and<br><br>TRION, INC.<br>101 McNeill Road<br>Sanford, NC  27330<br><br>and<br><br>CM HEATING & COOLING MECHANICAL<br>5308 Sunnyside Avenue<br>Beltsville, MD 20705<br><br>and<br><br>JOHNSON CONTROLS, INC.<br>5757 N. Green Bay Avenue<br>Milwaukee, WI  53209<br><br>    Defendants. | Case No: 1:21-cv-02652 |

### COMPLAINT AND JURY DEMAND

  COMES NOW the Plaintiff, ALLIANZ GLOBAL RISKS US INSURANCE COMPANY as subrogee of CTF HOLDINGS, LTD, by counsel and demand judgment against the Defendants, jointly and severally, on the grounds and in the amount set forth below:

## JURISDICTION AND VENUE

1. Jurisdiction is proper pursuant to 28 U.S.C. §1332(a)(1) as matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, and it is between citizens of different States.

2. Venue is proper pursuant to 28 U.S.C. §1391(b) as all defendants transact business in the District of Columbia and the incident occurred in the District of Columbia.

## PARTIES

3. Plaintiff Allianz Insurance Company (hereinafter "Allianz") is an insurance company with a principal place of business at 225 West Washington Street, Suite 1800, Chicago, IL 60606.

4. At all times material hereto, Allianz was authorized to issue policies in Washington, D.C.

5. CTF Holdings, Ltd (hereinafter "CTF) is a commercial real estate company with a principal place of business at 1155 Connecticut Ave NW., Twelfth Floor. Washington, DC 20036.

6. At all relevant times, Allianz insured CTF with a policy of insurance which included coverage for property damage, business personal property, and loss of business income.

7. Defendant Trion, Inc., is a company with a principal place of business at 101 McNeill Road, Sanford, NC engaged in the design, manufacture, sale, and distribution of equipment to improve air quality in commercial and industrial applications.

8. Defendant Johnson Controls, Inc., is a company with the principal place of business at 5757 N. Green Bay Avenue, Milwaukee, WI 53209 engaged in producing fire, HVAC, and security equipment for commercial and industrial buildings.

9. Defendant Viper Air Inc. is a company with a principal place of business at 19840 Graystone Road in Whitehall, MD engaged in the service, maintenance, and repair of air purification filtration systems, specifically including the Trion Grease Viper machine at issue in this litigation.

10. Defendant CM Heating & Cooling Mechanical is a company with a principal place of business at 5308 Sunnyside Avenue, Beltsville, Maryland engaged in the installation and service of HVAC equipment.

## FACTS

11. The Rosewood Hotel is a six-story luxury hotel located at 1050 31st Street N.W. in Washington, D.C., which opened in 2013 and consists of 49 guestrooms and suites.

12. The Rosewood Hotel includes a dine-in restaurant on the first floor.

13. At all times material hereto, Allianz insured CTF Holdings, Ltd, the owner of the Rosewood Hotel and the restaurant.

14. During the first half of 2019, the Rosewood Hotel and restaurant underwent a substantial renovation, including the installation of new cooking, fire suppression, air ventilation and exhaust systems within the restaurant.

15. Following the renovation project, the hotel and restaurant re-opened for business on August 2, 2019.

16. The air circulation and exhaust system installed during the renovation project within the restaurant's kitchen included a Trion Grease Viper Custom Electronic Air Cleaner (hereinafter "Trion Viper").

17. The Trion Viper was designed to treat grease, smoke, and odor emissions generated during commercial cooking operations and to exhaust clean air from the restaurant into the environment.

18. The Trion Viper contained its own fire suppression system, designed to extinguish any fires that may have originated within the Viper machine.

19. The Trion Viper was sold by defendant Viper Air.

20. The Trion Viper was manufactured by defendant Trion.

21. The Trion Viper was specified and installed by CM Heating & Cooling Mechanical.

22. Trion, Inc. is a brand and/or subsidiary of Johnson Controls, Inc, specifically within the Air Filtration Group at Johnson Controls, Inc.

23. On October 7, 2019, Viper Air and/or a subcontractor hired by Viper Air performed their quarterly service on the Trion Viper.

24. On October 10, 2019, a fire originated within the Trion Viper.

25. The fire spread throughout the Trion Viper and into the restaurant, causing substantial damage.

26. Pursuant to its policy of insurance with CTF Holdings Ltd, Allianz made payments to its insured as a result of the damages sustained related to the fire.

## COUNT I – NEGLIGENCE
### (VIPER AIR, INC.)

27. Plaintiff Allianz incorporates each of the above paragraphs as though fully set forth herein.

28. The fire and resulting damage was caused by the negligence of Viper Air Inc, which includes, but is not limited to, the following:

   a. Selling a Trion Viper which represented a dangerous condition within the Rosewood Hotel;
   b. Failing to recognize the insufficient fire suppression system within the Trion Viper was defective or insufficient to meet the needs of the kitchen in the Restaurant;
   c. Failing to warn CTF that the fire suppression system that was part of the Trion Viper could not (i) extinguish a fire within the Trion Viper and (ii) protect the Hotel and Restaurant from fire damage;
   d. Failing to properly test, inspect and examine the Trion Viper prior to its installation at the Rosewood Hotel.

29. As a direct and proximate result of defendant's negligence, plaintiff and its insured suffered damages.

WHEREFORE, Plaintiff demands judgment in its favor and against defendant Viper Air, Inc.

## COUNT II – PRODUCTS LIABILITY
### (VIPER AIR, INC.)

30. Plaintiff Allianz incorporates each of the above paragraphs as though fully set forth herein.

31. The Trion Viper was unreasonably dangerous as it did not contain a properly designed and installed fire suppression system.

32. Viper Air warranted to CTF and Rosewood Hotel that the Trion Viper was free from defects in its design, material, workmanship, and maintenance.

33. Viper Air sold a Trion Viper which was unfit for its intended use.

34. As a direct and proximate result of the defect, plaintiff and its insured suffered damages.

WHEREFORE, Plaintiff demands judgment in its favor and against defendant Viper Air, Inc.

## COUNT III - NEGLIGENCE

## (TRION, INC.)

35. Plaintiff Allianz incorporates each of the above paragraphs as though fully set forth herein.

36. The fire and resulting damage were caused by the negligence of Trion, Inc., which includes, but is not limited to, the following:

   a. Manufacturing a product which contained an inadequate fire suppression system;
   b. Failing to recognize that the fire suppression system within the Trion Viper was insufficient and incapable of extinguishing a fire within the Trion Viper;
   c. Failing to warn CTF that the Trion Viper did not contain a fire suppression system which would extinguish a fire within the Trion Viper and protect the hotel and restaurant from fire damage;
   d. Failing to properly test, inspect and examine the Trion Viper prior to its installation at the Rosewood Hotel.

37. As a direct and proximate result of the defendant's negligence, plaintiff and its insured suffered damages.

WHEREFORE, Plaintiff demands judgment in its favor and against defendant Trion, Inc.

## COUNT IV - PRODUCTS LIABILITY

## (TRION, INC.)

38. Plaintiff Allianz incorporates each of the above paragraphs as though fully set forth herein.

39. The defective Trion Viper in which the fire originated and caused the damages at issue was manufactured by Trion, Inc.

40. The Trion Viper was unfit for its intended use, as it did not contain a properly designed and installed fire suppression system.

41. Trion warranted to CTF and Rosewood Hotel that the Trion Viper was free from defects in its design, material, workmanship, and maintenance.

42. As a direct and proximate result of the defect, plaintiff and its insured suffered damages.

WHEREFORE, Plaintiff demands judgment in its favor and against defendant Trion, Inc.

## COUNT V - NEGLIGENCE

## (JOHNSON CONTROLS, INC.)

43. Plaintiff Allianz incorporates each of the above paragraphs as though fully set forth herein.

44. The fire and resulting damage were caused by the negligence of Johnson Controls, which includes but is not limited to, the following:

 a. Manufacturing a product which contained an inadequate fire suppression system;
 b. Failing to recognize that the fire suppression system within the Trion Viper was insufficient and incapable of extinguishing a fire within the Trion Viper;
 c. Failing to warn CTF that the Trion Viper did not contain a fire suppression system which would extinguish a fire within the Trion Viper and protect the hotel and restaurant from fire damage;
 d. Failing to properly test, inspect and examine the Trion Viper prior to its installation at the Rosewood Hotel.

45. As a direct and proximate result of the defendant's negligence, plaintiff and its insured suffered damages.

WHEREFORE, Plaintiff demands judgment in its favor and against defendant Johnson Controls.

## COUNT VI - PRODUCTS LIABILITY

## (JOHNSON CONTROLS, INC.)

46. Plaintiff Allianz incorporates each of the above paragraphs as though fully set forth herein.

47. The defective Trion Viper in which the fire originated and caused the damage at issue was manufactured by Trion, a Johnson Controls Subsidiary.

48. The Trion Viper was unfit for its intended use, as it did not contain a properly designed and installed fire suppression system.

49. Johnson Controls warranted to CTF that the Trion Viper was free from defects in its design, material, workmanship, and maintenance.

50. As a direct and proximate result of the above-described defects, Plaintiff and its insured suffered damages.

WHEREFORE, Plaintiff demands judgment in its favor and against defendant Johnson Controls.

## COUNT VII - NEGLIGENCE

### (CM HEATING & COOLING MECHANICAL)

51. Plaintiff Allianz incorporates each of the above paragraphs as though fully set forth herein.

52. The fire and resulting damage was caused by the negligence of CM Heating & Cooling Mechanical, which includes but is not limited to, the following:

   a. Specifying a Trion Viper which represented a dangerous condition within the Rosewood Hotel;
   b. Installing a Trion Viper which represented a dangerous condition within the Rosewood Hotel;
   c. Failing to recognize that the Trion Viper did not contain a fire suppression system which would extinguish a fire within the Trion Viper and protect the hotel and restaurant from fire damage;
   d. Failing to warn CTF that the Trion Viper did not contain a fire suppression system which would extinguish a fire within the Trion Viper and protect the hotel and restaurant from fire damage;
   e. Failing to properly test, inspect, and examine the Trion Viper prior to its installation at the Rosewood Hotel.

## COUNT VIII - PRODUCTS LIABILITY

### (CM HEATING & COOLING MECHANICAL)

53. Plaintiff Allianz incorporates each of the above paragraphs as though fully set forth herein.

54. The defective Trion Viper in which the fire originated and caused the damage at issue was manufactured by Trion, a Johnson Controls Subsidiary.

55. The Trion Viper was unfit for its intended use, as it did not contain a properly designed and installed fire suppression system.

56. CM Heating & Cooling was in the chain of distribution, and therefore warranted to CTF that the Trion Viper was free from defects in its design, material, workmanship, and maintenance.

57. As a direct and proximate result of the above-described defects, Plaintiff and its insured suffered damages.

WHEREFORE, Plaintiff demands judgment against defendants, VIPER AIR, INC., TRION, INC, CM HEATING & COOLING MECHANICAL, and JOHNSON CONTROLS, INC., jointly and severally, in the amount of $1,600,000.00 plus interest, costs, and any additional relief the Court deems just and appropriate.

>Respectfully submitted
>
>MATTHEW CARLSON LAW
>
>  //Matthew W. Carlson//
>Matthew W. Carlson, #448905
>P.O. Box 5775
>Arlington, VA  22205
>(703) 609-5944
>mwc@matthewcarlsonlaw.com
>
>*Counsel for Plaintiff*

## JURY DEMAND

Plaintiff respectfully requests a trial by jury on all issues so triable.

>  //Matthew W. Carlson//